The City of New York, Respondent, v. Assurance Company of America, Appellant.

*Tax — personal property — practice — failure to review by certiorari — Tax Law, § 259a.*

Appeal from order entered in the New York county clerk's office on the 11th day of June, 1908.

Order affirmed, with ten dollars costs and disbursements, on the opinion of the court below.

The following is the opinion of the court below :

Bischoff, J.: The defendant moves, under section 259a of the Tax Law,* to dismiss this action which is brought to recover the amount of a tax assessed against it upon personal property in the year 1905, the ground of the motion being apparently that while no proceedings by certiorari were instituted to review the assessment, the collection of the tax would be unjust, in that by virtue of a determination of the courts since the assessment was made, certiorari proceedings, if instituted in time, could have been successfully maintained, and the assessment vacated. As I view this section of the Tax Law, it was not

---

* Laws of 1896, chap. 908, § 259a, added by Laws of 1905, chap. 348.—[Rep.

designed to cover any such case as this. The court is given. power to dismiss the action "on the payment of such part of the tax as may be just or on payment of costs" where it appears that the person or corporation is unable, for want of property, to pay the tax, or where "for other reasons upon the facts" it seems just to the court that the tax should not be paid, but evidently this is not intended to afford an additional remedy by way of review of the legality of the assessment, depending upon no new facts. The relief to which this defendant was entitled was to be obtained upon certiorari, and the fact that the court, up to the time when the assessment was made, had no occasion definitely to pass upon the question of law involved, did not justify the defendant in suffering the time within which certiorari proceedings might have been instituted to elapse. Presumably, the law would have been similarly applied in a proceeding brought to determine the validity of this assessment, just as it was applied in the latter case, and I fail to find in the situation presented any reasons which would lead the court to say that the payment of the tax should not be enforced at the present time. The case is simply one in which the corporation assessed has abandoned its legal rights in the matter of review, not one in which new circumstances have arisen which would render the collection of the tax inequitable, and while there appears to be no actual opposition upon the part of the city to the granting of this motion, the dismissal of the action is not consented to, and I fail to find ground for the application in the statute referred to. Motion denied.